TENTATIVE RULING

ISSUED BY JUDGE LAURA S. TAYLOR


Debtor: NASHAT & MANAL NAOOM

Number: 15-02484-LT7

Hearing: 10:00 AM Thursday, August 27, 2015

Motion: MOTION FOR ORDER AVOIDING JUDICIAL LIEN OF CREDIT ONE CORPORATION (ROLANDO BLVD. PROPERTY) FILED ON BEHALF OF MANAL AND NASHAT NAOOM


Hear or continue to allow lien holder a reasonable opportunity to obtain an appraisal. Unless lienholder obtains an appraisal that supports a claim that equity exists in this property, the Court is inclined to grant this motion. Judicial Lienholder's opposition is based primarily on the argument that Debtors have failed to provide evidence of the value of the Property and of the voluntarily liens thereon. The Court is inclined to find to the contrary. In support of the Motion Debtors have declared:

> That as of the date of the filing of the Petition herein the fair market value of said real property was $450,000.00, and the total of all encumbrances against said real property was $523,747.00, resulting in no equity…. That said liens consist of a first Deed of Trust in favor of Wells Fargo in the amount of $517,858.00 and property taxes in favor of San Diego County Tax Collector in the amount of $5,889.00.

As explained in the Bankruptcy Evidence Manual (West, 2009-2010 Edition), Vol. II, p. 717-718:

> Courts have generally held that an owner is competent to give his opinion on the value of his property, often by stating the conclusion without stating a reason. . .
>
> If testifying under 701, the owner may merely give his opinion based on his personal familiarity of the property. ... For example, the average debtor–homeowner who testifies . . . should be limited to giving his opinion as to the value of his home, but should not be allowed to testify concerning what others have told him concerning the value of his or comparable properties unless, the debtor truly qualifies as an expert under Rule 702 such as being a real estate broker, etc.

Here, Debtors appropriately opined as to value as owners and through their declaration that stated their opinion of value based on personal knowledge. They did not simply adopt an on line evaluation and thereby make admissible what is otherwise hearsay.

Judicial Lienholder is; of course, free to offer evidence to the contrary.   It has not done so to date, but argues that it was impossible to obtain a commercial appraisal prior to the time for response.   The Court is inclined to agree with this assertion and to continue this matter to allow an appraisal indicating value as of the petition date.

With their reply Debtors have submitted an unverified appraisal report. Because the report is unverified, submitted in the reply, and is unnecessary at this time, the Court is not inclined to consider it in connection with this hearing on the motion.

Based upon the uncontroverted evidence submitted by the Debtors, the Court is inclined to:   (1) value the Property at no more than $450,000; (2) value the voluntary lien against the Property, for the purposes of this motion, at $517,858; and (3) pursuant to section 522(f), determine that the judgment lien at issue impairs Debtors' claim of exemption in the Property and is properly avoided.